Argued and submitted July 24, 1991, affirmed April 22, reconsideration denied May 27, petition for review denied August 25, 1992 (314 Or 176)

## STATE OF OREGON,
*Respondent,*

*v.*

## ANTHONY QUINN BUSH,
*Appellant.*

(88-20415; CA A65424)

829 P2d 718

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals orders modifying and continuing suspended impositions of sentences. He contends that the court did not have jurisdiction to impose any conditions. We affirm.

Defendant was convicted of resisting arrest, a class A misdemeanor, ORS 162.315, and attempted obstruction of governmental administration, a class B misdemeanor. ORS 162.235; ORS 161.405(2)(e). The court suspended imposition of sentence for three years on the first charge and for two years on the second and imposed a number of conditions. Defendant did not comply with some of the conditions, and the state moved for an order for him to show cause why the suspended imposition of sentence should not be revoked.

Defendant moved to dismiss the state's motion on the ground that the court had only suspended imposition of sentence but had not placed him on probation. If he was not on probation, the time had expired for the court to revoke the suspension under ORS 137.550(7).[1] The court denied the motion.

Defendant's contention is that the documents that the court issued when imposition of sentences was suspended did not specifically impose probation. However, the form, entitled "Judgment and Order of Probation," has a box to check to designate whether probation is to the court or to the Corrections Division. The box designating court probation was checked in each order. That is sufficient to impose probation. The fact that the body of the document does not specifically order probation is not fatal.

Defendant concedes that, if he was placed on probation in each case, the court had jurisdiction and the orders extending his probation are proper.

Affirmed.

---

[1] ORS 137.550(7) provides:

"In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought before the court at any time within the maximum period for which the defendant might originally have been sentenced. Thereupon the court, after summary hearing, may revoke the suspension of sentence and cause the sentence imposed to be executed."